ZOA RODRÍGUEZ MATTEI, et al., recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

No. 773.—*Sometido:* Junio 18, 1929.—*Resuelto:* Julio 12, 1929.

*Arjona & Arjona,* abogados de los recurrentes; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Al Registrador de la Propiedad de San Germán le fué

presentada certificación de una sentencia de la Corte de Distrito de Ponce dictada en pleito de Zoa Rodríguez Mattei y otros contra Elvira Rodríguez Cuevas en la cual se anulan las obligaciones hipotecarias expedidas por la demandada en 15 de febrero de 1923, una por $3,000 y otra por $2,000, y especialmente la garantía hipotecaria constituida para garantizar el pago y se ordena al Registrador de la Propiedad de San Germán que cancele la inscripción de dicha garantía. Con esa certificación se acompañó la de la opinión en que la sentencia se funda de la que aparece que la corte declaró probados todos los hechos relacionados en la demanda que anteriormente expone y especialmente el de que la demandada Elvira Rodríguez Cuevas es la tenedora y portadora de las expresadas obligaciones hipotecarias sin que nunca se haya separado de las mismas, sin que nunca las haya negociado a persona alguna, sin que nunca haya percibido sobre las mismas suma alguna transmitiendo su posesión a otra persona y sin que nunca haya dejado de ser portadora y tenedora de dichas obligaciones hipotecarias; otra certificación de haber sido desestimada el 25 de marzo de 1929 la apelación que contra ese fallo interpuso la demandada Elvira Rodríguez Cuevas y otra más de la demanda en ese pleito.

El registrador en 27 de mayo de 1929 se negó a hacer la cancelación solicitada por los motivos que expuso en la nota que en lo necesario copiamos:

"Denegada la cancelación de las inscripciones a que se refiere el precedente documento, y la cual cancelación es ordenada por la sentencia dictada por la Hon. Corte de Distrito del Distrito Judicial de Ponce, en fecha 19 de mayo de 1928 en el caso civil No. 2206, sobre nulidad de obligaciones y cancelación de inscripción seguido por Zoa Rodríguez Mattei et al. (demandante) versus Elvira Rodríguez Cuevas (demandada), por tratarse del propio caso que motivó la nota denegatoria puesta al margen de la inscripción 12 a, de la finca No. 1979, al folio 249 vuelto del tomo 45 del ayuntamiento de Yauco y también por tratarse del mismo asunto que motivó la denegatoria que produjo la anotación letra 'A', obrante al

folio 250 del citado tomo, cuya nota denegatoria fué confirmada por el Hon. Tribunal Supremo de Puerto Rico según resulta del tomo 37, página 47 D.P.R. y los documentos que dieron margen a dichas denegatorias fueron presentados en este Registro el día 17 de octubre de 1927, según el asiento No. 190 del tomo 70 del Diario y también del presentado el día dos de mayo de 1927, asiento No. 105 del tomo 68 del Diario. Además hoy añadimos, repitiendo lo dicho por el referido Hon. Tribunal Supremo de esta Isla, en el caso D.P.R. 70, página 970 (sic). La Ley Hipotecaria no es más que una serie de conceptos, encaminados a proteger a terceros y no existe en su letra, ni en su espíritu declaración alguna que obligue a un Registrador a que verifique actos en el Registro que perjudique o anule los derechos de un tercero. La resolución del Hon. Tribunal Supremo antes dicha de 25 de marzo de 1929 desestimando la apelación por abandono del recurso por parte del apelante, en nada altera ni modifica el estado de derecho de las inscripciones que se pretenden y ordenan cancelar por sentencia de la Corte de Distrito al principio referida, estando descansando aquellas inscripciones y amparada su validez de las mismas disposiciones de la Ley Hipotecaria protectora de los terceros; y no se extiende por tal concepto en su lugar anotación preventiva, ni se practica operación alguna en los libros de inscripciones del Registro por no ser reiterables las anotaciones denegadas.''

Contra esa negativa ha sido interpuesto el presente recurso gubernativo a fin de que ordenemos la cancelación solicitada.

El registrador se limita en este recurso a alegar que se trata de una cuestión ya resuelta definitivamente y para justificarlo nos presenta certificación de algunas constancias del registro de las que resulta que inscritos los bienes de Conrado Rodríguez Mattei a nombre de Elvira Rodríguez Cuevas como heredera suya *ab intestato,* declarada tal por la Corte de Distrito de Ponce, constituyó en 15 de febrero de 1923 hipoteca sobre esos bienes en garantía de dos obligaciones o pagarés a la orden que libró uno por $3,000 y otro por $2,000: que a instancia de Zoa Rodríguez y otros fué revocada por el Tribunal Supremo de Puerto Rico la declaratoria de herederos hecha a favor de Elvira Rodríguez Cuevas y que con certificación de la expresada sentencia revocatoria se solicitó del registro la cancelación de dicha hipoteca, lo que

se negó por el registrador en 10 de mayo de 1927: que establecido pleito por Zoa Rodríguez Mattei y otros contra Elvira Rodríguez Cuevas para que fuese anulada la referida hipoteca y cancelada su inscripción, se solicitó que esa demanda fuese anotada en el registro de la propiedad, lo que también negó el registrador el 25 de octubre de 1927.

Esas constancias del registro no justifican la negativa recurrida en cuanto a que la cancelación que ahora se interesa y que se funda en la sentencia firme dictada por la Corte de Distrito de Ponce en 19 de mayo de 1928 haya sido negada anteriormente, pues basta fijarse en las fechas expresadas para ver que cuando las dos negativas contenidas en la certificación del registrador fueron hechas no se había dictado la sentencia en el pleito sobre nulidad y cancelación de hipoteca: y aunque los recurrentes manifiestan que tan pronto fué dictada esa sentencia, sin que fuese firme y estando apelada por Elvira Rodríguez Cuevas, solicitaron que la hipoteca fuese cancelada, lo que les fué negado, aun así esa negativa no constituiría obstáculo para la petición que ahora se hace porque ésta se funda en situación jurídica distinta de la otra ya que ahora se interesa la cancelación fundada en ser firme la sentencia que la decretó, por haber sido desestimada el 25 de marzo de 1929 el recurso de apelacion que había interpuesto Elvira Rodríguez Cuevas contra la sentencia que declaró la nulidad de la hipoteca y ordenó su cancelación en el registro de la propiedad.

■ En cuanto a que la cancelación decretada y solicitada puede perjudicar derechos de terceras personas es cosa que no atañe al registrador después de haber resuelto la corte que los dos pagarés garantizados por la hipoteca están en poder de la demandada Elvira Rodríguez Cuevas, y de haber ordenado que sea cancelada la hipoteca que los garantiza.

*La resolución recurrida debe ser revocada y ordenarse al registrador que haga la cancelación solicitada de la hipoteca.*